## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

RALPH CLARK,                                         :
                                                     :
                    Plaintiff,                       :            Civ. No. 14-2469 (RBK) (KMW)
                                                     :
          v.                                         :            **OPINION**
                                                     :
J.T. SHARTLE, et al.                                 :
                                                     :
                    Defendants.                      :
_____             :

**ROBERT B. KUGLER, U.S.D.J.**

## I.        INTRODUCTION

Plaintiff is a federal prisoner who was previously incarcerated at F.C.I. Fairton in Fairton, New Jersey at the time he brought this action.  Plaintiff is now incarcerated at USP Hazelton in Bruceton Mills, West Virginia.  He brings this civil rights action *pro se* pursuant to *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[1]  Plaintiff's application to proceed *in forma pauperis* will be granted based on the information provided therein.

At this time, the complaint will be screened pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit.  For the reasons set forth below, the complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

---

[1] While plaintiff asserts that he is bringing his complaint pursuant to 42 U.S.C. § 1983, this action is actually under *Bivens* as plaintiff is a federal prisoner.  *See Walker v. Zenk*, 323 F. App'x 144, 145 (3d Cir. 2009) (per curiam) (citing *Egervary v. Young*, 366 F.3d 238, 246 (3d Cir. 2004)).

1

## II.      BACKGROUND

The allegations of the complaint will be construed as true for purposes of this screening. Plaintiff names three defendants in this case:  (1) J.T. Shartle; (2) M. Angud, MLP; and (3) R. Morales, MD.  Plaintiff states that doctors at the Howard University Hospital diagnosed him with torn meniscus in his left knee in 2009.  He claims that surgery was scheduled.  Plaintiff was transferred to F.C.I. Fairton before surgery was performed.

Plaintiff reported his torn meniscus to the medical staff at Fairton upon his arrival. However, plaintiff was told all he needed to do was exercise.  Plaintiff continued to complain about the pain and was seen by medical staff on March 15, 2012.  At that time, the medical staff gave plaintiff an X-Ray, pain medication and a knee sleeve.  Plaintiff asserts that the medical staff at F.C.I. Fairton have downplayed the extent of his injuries and acted with deliberate indifference.

Plaintiff attaches several of his medical records and reports to his complaint.  Many of these records appear to be created/signed by defendant Angud, Morales or both.  The records indicate that plaintiff was prescribed medication for his knee, and also underwent a cortisone shot for the pain he was having with his knee.

Plaintiff is seeking monetary damages against the defendants for the purported violation of his constitutional rights.

## III.     STANDARD OF REVIEW

A.  Standard for *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B),

seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e.  The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

According to the Supreme Court's decision in *Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To survive *sua sponte* screening for failure to state a claim[2], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).  Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim."  *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

B.  *Bivens* Actions

*Bivens* is the federal counterpart to 42 U.S.C. § 1983.  *See Walker*, 323 F. App'x at 145 n.1 (citing *Egervary*, 366 F.3d at 246).  In order to state a claim under *Bivens*, a plaintiff must

---

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (per curiam) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

allege:  (1) a deprivation of a right secured by the Constitution or laws of the United States; and
(2) that the deprivation of the right was caused by a person acting under color of federal law.  *See
Couden v. Duffy*, 446 F.3d 483, 491 (3d Cir. 2006) (stating that under Section 1983 "an
individual may bring suit for damages against any person who, acting under color of state law,
deprives another individual of any rights, privileges, or immunities secured by the United States
Constitution or federal law," and that *Bivens* held that a parallel right exists against federal
officials); *see also Collins v. F.B.I.*, No. 10-3470, 2011 WL 1627025, at *6 (D.N.J. Apr. 28,
2011) ("The Third Circuit has recognized that Bivens actions are simply the federal counterpart
to § 1983 claims brought against state officials' and thus the analysis established under one type
of claim is applicable under the other.") (internal quotation marks and citations omitted).

## IV.     DISCUSSION

Plaintiff is proceeding with an Eighth Amendment claim for denial/deprivation of
medical care against the three defendants.  To assert an Eighth Amendment claim:

> a prisoner must demonstrate "(1) that defendants were deliberately
> indifferent to [his] medical needs and (2) that those needs were
> serious." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).
> Deliberate indifference requires proof that the official "knows of
> and disregards an excessive risk to inmate health or safety."
> *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir.
> 2003) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).
> We have found deliberate indifference where a prison official:
> "(1) knows of a prisoner's need for medical treatment but
> intentionally refuses to provide it; (2) delays necessary medical
> treatment based on a nonmedical reason; or (3) prevents a prisoner
> from receiving needed or recommended treatment." *Rouse*, 182
> F.3d at 197.  Deference is given to prison medical authorities in the
> diagnosis and treatment of patients, and courts "disavow any
> attempt to second-guess the propriety or adequacy of a particular
> course of treatment. . . (which) remains a question of sound
> professional judgment." *Inmates of Allegheny Cnty. Jail v. Pierce*,
> 612 F.2d 754, 762 (3d Cir. 1979) (quoting *Bowring v. Godwin*, 551
> F.2d 44, 48 (4th Cir. 1977)).  Allegations of negligent treatment or

> medical malpractice do not trigger constitutional protections.
> *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

*Pierce v. Pitkins*, 520 F. App'x 64, 66 (3d Cir. 2013) (per curiam).  Furthermore, deliberate

indifference can be found "where the prison official persists in a course of treatment in the face

of resultant pain and risk of permanent injury."  *See McCluskey v. Vincent*, 505 F. App'x 199,

202 (3d Cir. 2012) (internal quotation marks and citation omitted).  "A medical need is serious if

it 'has been diagnosed by a physician as requiring treatment,' or if it 'is so obvious that a lay

person would easily recognize the necessity for a doctor's attention.'"  *See Mitchell v. Beard*,

492 F. App'x 230, 236 (3d Cir. 2012) (per curiam) (quoting *Atkinson v. Taylor*, 316 F.3d 257,

272-73 (3d Cir. 2003) (quoting *Monmouth Cnty. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d

Cir. 1987))).

    A. <u>Defendant Shartle</u>

       The complaint fails to state a *Bivens* claim against defendant Shartle.  It appears as if

plaintiff is asserting that Shartle is liable under a theory of *respondeat superior* as warden of

F.C.I. Fairton.  Indeed, he is not named in any of the documents attached to the complaint, nor in

the complaint itself besides the caption.  "In order for liability to attach under [*Bivens*], a plaintiff

must show that a defendant was personally involved in the deprivation of his federal rights."

*Fears v. Beard*, 532 F. App'x 78, 81 (3d Cir. 2013) (per curiam) (citing *Rode v. Dellaciprete*,

845 F.2d 1195, 1207 (3d Cir. 1988)).  "[L]iability cannot be predicated solely on the operation of

respondeat superior.  Personal involvement can be shown through allegations of personal

direction or of actual knowledge and acquiescence."  *Evancho v. Fisher*, 423 F.3d 347, 353 (3d

Cir. 2005) (citation omitted).  In this case, plaintiff's allegations against Shartle appear to be

based primarily on a *respondeat superior* theory in his capacity as warden.  This is insufficient to

state a *Bivens* claim against him.

B.  Defendants Angud & Morales

Plaintiff names Angud and Morales as defendants in this action.  While the complaint does not name these defendants specifically aside from in the caption, the documents plaintiff attaches to his complaint indicate that these two defendants are medical professionals at F.C.I. Fairton.  Plaintiff admits and the medical records indicate that plaintiff was receiving treatment for his knee injury.  Indeed, plaintiff notes in the complaint that he was prescribed pain medication and given a knee sleeve.  Furthermore, the medical records indicate that plaintiff received a cortisone shot in his injured knee.  Thus, this is not a case where plaintiff's knee pain was simply being ignored by the medical professionals at F.C.I. Fairton.  Rather, plaintiff's claim may amount to merely a disagreement as to the proper care for his knee.  Mere disagreement as to the proper medical treatment is insufficient to state a claim of inadequate medical care under the Eighth Amendment.  *See Lenhart v. Pennsylvania*, 528 F. App'x 111, 115 (3d Cir. 2013) (per curiam) (stating that complaint that alleges physician was negligent in diagnosing and treating a medical condition does not state a valid claim of medical mistreatment and that mere disagreement as to the proper medical treatment does not state a claim of inadequate medical care) (citing *Estelle v. Gamble*, 529 U.S. 97, 106 (1976); *Monmouth Cnty Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987)).

Furthermore, and perhaps more importantly, the complaint fail to state a claim against Angud and Morales for another reason.  Like Shartle, plaintiff fails to specifically allege in the complaint how Angud and Morales were personally involved in the deprivation of his constitutional rights.  *See Fears*, 532 F. App'x at 81 (citing *Rode*, 845 F.2d at 1207).  While plaintiff attaches medical records completed by Angud and Morales to his complaint, these records do not show, nor does plaintiff allege, that Angud and Morales were the individuals who

were deliberately indifferent to his serious medical needs.  Indeed, the complaint only alleges that "staff" downplayed the extent of his injuries, yet the records indicate that plaintiff was receiving treatment for his knee.  Thus, plaintiff fails to allege how Angud and/or Morales were *themselves personally* involved in being deliberately indifferent to his serious medical needs.  He does not allege that either of these two defendants specifically:  (1) knew of plaintiff's need for medical treatment but intentionally refused to provide it; (2) delayed necessary medical treatment based on a nonmedical reason; (3) prevented plaintiff from receiving needed or recommended treatment, or (4) persisted in a course of treatment in the face of resultant pain and risk of permanent injury.

## V.     CONCLUSION

For the foregoing reasons, the complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted.  Because it is possible that plaintiff may be able to supplement his complaint with facts sufficient to overcome the deficiencies noted herein, plaintiff will be given leave to amend the complaint should he elect to do so.  An appropriate order will be entered.


DATED:  November 12, 2014

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge
