UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
RALPH CLARK,                                : 
                                            :
            Plaintiff,                      :     Civ. No. 14-2469 (RBK) (KMW)
                                            :
      v.                                    :     **OPINION**
                                            :
J.T. SHARTLE, et al.,                       :
                                            :
            Defendants.                     :
_____ :

**ROBERT B. KUGLER, U.S.D.J.**

## I.     INTRODUCTION

Plaintiff is a federal prisoner who was previously incarcerated at F.C.I. Fairton, in Fairton, New Jersey at the time he brought this action. Plaintiff is now incarcerated at USP Hazelton in Bruceton Mills, West Virginia. He is proceeding *pro se* with his civil rights complaint filed pursuant to *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

## II.    BACKGROUND

Plaintiff's complaint raised issues associated with his medical care (or lack thereof) he received while incarcerated at F.C.I. Fairton for his left knee. The complaint named three defendants: (1) J.T. Shartle; (2) M. Angud, MLP; and (3) R. Morales, MD. On November 13, 2014, this Court screened the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Ultimately, it was determined that plaintiff failed to state a claim upon which relief could be granted. The complaint was dismissed without prejudice and the case was closed. (*See* Dkt. Nos. 3 & 4.) The November 13, 2014 Order instructed plaintiff that he could move to reopen

this case within thirty days provided that he attached a proposed amended complaint that addressed the deficiencies of the complaint as stated in the November 13, 2014 Opinion.

On December 11, 2014, the Court received plaintiff's motion to amend the complaint and for a change of venue. Accordingly, the Clerk will be ordered to reopen this case so that this motion can be analyzed. Plaintiff requests a change of venue due to the fact that he is now incarcerated in West Virginia. Plaintiff's motion does not include a proposed amended complaint.

### III.   DISCUSSION

Proper venue in this *Bivens* action is governed by 28 U.S.C. § 1391(b) which states as follows:

> A civil action may be brought in –
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property the is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id.*; *see also Pennello v. United States*, No. 11-6964, 2011 WL 6097771, at *3 (D.N.J. Dec. 6, 2011) (noting that proper venue in a *Bivens* action is governed by 28 U.S.C. § 1391(b)). The allegations of the now dismissed original complaint all arose while plaintiff was incarcerated in New Jersey at F.C.I. Fairton. Plaintiff does not show in his motion under what provision in § 1391(b) makes venue now proper in West Virginia. As illustrated above, the fact that plaintiff now is incarcerated in West Virginia is not sufficient under § 1391(b) to make venue proper in

that state.  This District remains the place where venue is proper under 28 U.S.C. § 1391(b).  Therefore, the motion to change venue will be denied.

Plaintiff also states that he would like to amend his complaint.  However, as this Court noted in its November 13, 2014 Order, plaintiff needs to attach a proposed amended complaint to his motion to amend.  Plaintiff's motion to amend does not include a proposed amended complaint that corrects the deficiencies of the original complaint as set forth in the November 13, 2014 Opinion.  Therefore, his motion to amend will also be denied.

## IV.   CONCLUSION

For the foregoing reasons, plaintiff's motion to amend the complaint and for a change of venue is denied.  An appropriate order will be entered.


DATED:   January 15, 2015

                                                s/Robert B. Kugler
                                                ROBERT B. KUGLER
                                                United States District Judge